IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AISHIA HOWARD, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. _____ |
| PHILADELPHIA HOUSING AUTHORITY, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Aishia Howard ("Plaintiff") brings this lawsuit against Defendant Philadelphia Housing Authority ("Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff is an individual living in Smyrna, Delaware.

4. Defendant is a public housing agency headquartered at 12 South 23rd Street, Philadelphia, PA 19103.

5. Defendant is a public entity covered by the FLSA. *See* 29 U.S.C. § 203(d), (x).

## **FACTS**

6. Defendant operates residential housing facilities in Philadelphia, Pennsylvania.

7. Plaintiff was employed by Defendant as a Certified Property Specialist from approximately February 13, 2015 until approximately June 15, 2015.

8. Plaintiff was classified by Defendant as non-exempt from the FLSA's overtime pay requirement.

9. Defendant failed to compensate Plaintiff for hours worked over 40 per week on several occasions prior to May 2015.

10. On May 4, 2015, Plaintiff sent an email to Defendant's human resources department complaining about Defendant's failure to compensate her for her overtime work.

11. Throughout the month of May, Plaintiff sent follow-up emails to a representative of Defendant's human resources department and personally spoke to supervisors concerning her overtime pay complaint.

12. Plaintiff sent a follow-up email to her contact in Defendant's human resources department on June 15, 2015 asking for a status of its review of her overtime pay complaint.

13. Defendant terminated Plaintiff's employment within hours of receiving the June 15 email.

14. Defendant's termination of Plaintiff's employment was motivated by its desire to discriminate against Plaintiff for complaining that Defendant was violating her FLSA rights.

15. Defendant's above actions were undertaken willfully and with reckless

disregard of clearly applicable FLSA provisions.

## COUNT I
### (Alleging Violations of the FLSA)

16. All previous paragraphs are incorporated as though fully set forth herein.

17. Plaintiff is a covered employee entitled to the above FLSA protections.

18. The FLSA prohibits employers from discriminating against employees who complain about workplace wage and overtime violations. *See* 29 U.S.C. § 215(a)(3).

19. Defendant's termination of Plaintiff's employment violated the FLSA's anti-discrimination provision.

20. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Unpaid past and future wages and benefits stemming from the termination of Plaintiff's employment;

B. Compensatory damages, including damages for the emotional pain and suffering caused by the termination of Plaintiff's employment and Plaintiff's subsequent unemployment;

B. Liquidated damages, punitive damages, and pre-judgment interest to the fullest extent permitted under federal law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial.

Date:  August 5, 2015

*R. M /T*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Counsel for Plaintiff*