# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter "Agreement") is entered into between Aishia Howard ("Plaintiff") and the Philadelphia Housing Authority ("Defendant").

WHEREAS, Plaintiff, represented by Winebrake & Santillo, LLC (hereinafter "W&S") has pursued the civil action entitled *Aishia Howard v. Philadelphia Housing Authority*, Case No. 2:15-cv-04462-ER (hereinafter "the Action") in the United States District Court for the Eastern District of Pennsylvania (hereinafter "the Court"), asserting claims against Defendant related to the termination of Plaintiff's employment under the under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*.

WHEREAS, Defendant denies Plaintiff's allegations and denies any and all liability to Plaintiff;

WHEREAS, the parties have settled the Action after arms-length bargaining; and

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual promises and obligations expressed herein, the parties agree as follows:

1. **Definition of "Defendant."** The term "Defendant" includes Philadelphia Housing Authority and any other past, present, or future business entities, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, managers, directors, officers, partners, associates, shareholders, agents, insurers, employees, attorneys, or representatives, including but not limited to Philadelphia Asset and Property Management Corporation and Housing Authority Risk Retention Group.

2. **No Admission of Liability.** This Agreement does not constitute or imply an admission of liability by Defendant.

3. **Payment to Plaintiff.** Within thirty (30) days of the date on which the Court approves this Agreement, Defendant will deliver to Winebrake & Santillo, LLC ("W&S") a payroll check payable to "Aishia Howard" in the amount of $6,250.00, less applicable tax withholdings and deductions, if any. Plaintiff understands and acknowledges that she is solely responsible for the payment of taxes relating to this $6,250.00 payment and that he will hold harmless and indemnify Defendant and W&S for any tax liabilities relating to this payment. At the end of the applicable tax year, Defendant shall issue to Plaintiff a W-2 form reflecting this $6,250.00 payment to the following address: 798 Brenford Station Road, Smyrna, DE 19977.

4. **Payment to W&S.** Within fourteen (14) days of the date on which the Court approves this Agreement, Defendant will deliver to W&S a check payable to "Winebrake & Santillo, LLC" in the amount of $3,750.00. This payment is made in addition to the $6,250.00 payment described in Section 3 above. W&S understands and acknowledges that it is solely responsible for the payment of taxes relating to the $3,750.00 payment and that it will hold harmless and indemnify Defendant for any tax liabilities relating to this payment. At the end of the applicable tax year, Defendant shall issue to W&S a 1099 form reflecting this $3,750.00



payment to the following address: Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025.

5. **Release of Claims.**

(a) **Definition of Claims.** As used in paragraph 5(b), "Claims" includes without limitation actions, causes of action, claims, suits, complaints, demands, rights, damages, losses, accounts, judgments, wages, commissions, severance, executions, debts, obligations, rights of contribution and indemnification, attorneys' fees, costs and all other liabilities of any kind or description whatsoever, either in law or equity, whether known or unknown, suspected or unsuspected, concerning the termination of Plaintiff's employment with Defendant, including, but not limited to, claims arising under the Fair Labor Standards Act and Pennsylvania wage and hour laws.

(b) **Release of Claims Against Defendant.** In consideration for the promises made herein, Plaintiff, on behalf of her executors, administrators, agents, beneficiaries and assigns, hereby waives, releases, and forever discharge Defendant, as defined in Section 1, from any and all Claims, as defined in Section 5(a), that Plaintiff now has against Defendant, for or by reason of any cause, matter or thing from the beginning of time up to and including the date this Agreement is executed.

(c) Plaintiff agrees that Defendant has paid all sums owed to her including, but not limited to, all salary, bonuses, commissions, business expenses, allowances, vacation pay, PTO and other benefits and perks as a result of her employment with Defendant, and further acknowledges that the Settlement Sum is in addition to any payment, benefit or other thing of value to which she might be entitled under any policy, plan or procedure of Defendant or any agreement between Plaintiff and Defendant.

6. **Non-disparagement.** Plaintiff agrees that, she will not publicly or privately disparage any of the products, services or actions of Defendant, its employees, or any related entity, or make detrimental, harmful or injurious remarks regarding Defendant, their employees, or any related entity, except that she may testify truthfully in any legal proceeding where her testimony is compelled by subpoena under oath.

Defendant agrees that it will provide a neutral job reference in the event that it is contacted by prospective employers concerning Plaintiff's employment. In particular, Defendant agrees that it will respond to inquiries from prospective employers of Plaintiff and any other third parties by providing only the dates of employment, position held and, if requested, verification of compensation, provided however, that Plaintiff direct all such inquiries to Joanne Strauss, Director of Human Resources.

7. **Knowing and Voluntary Agreement.** The parties have read carefully this Agreement and have executed it voluntarily and with full knowledge and understanding of its significance, meaning, and binding effect. The parties are competent to understand the

KA/

content and effect of this Agreement, and the decision to enter into this Agreement has not been influenced in any way by fraud, duress, coercion, mistake, or misleading information.

8. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania.

9. **Integration and Modification.** This Agreement constitutes the entire agreement of the parties and supersedes all prior understandings, whether oral or written, between them. Any modification of this Agreement must be made in writing and signed by all parties.

10. **Severability.** If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, the remaining provisions shall not be affected thereby and shall remain in full force and effect.

11. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same Agreement.

This Agreement is subject to the written approval of the PHA Board of Commissioners ("Board") and concurrence of the United States Department of Housing and Urban Development ("HUD"), and no payment set forth within this Agreement will be made unless and until such approvals are granted. This Agreement shall not be final without the approval of HUD and the Board. In the event that either the Board or HUD does not approve the terms of this Agreement, it shall become null and void and the Parties will proceed as if this Agreement had not been executed.

IN WITNESS WHEREOF, and with the intention of being legally bound hereby, the parties have executed this Agreement on the dates noted below.

_____  3/25/16
Aishia Howard's Signature and Date

_____  3/25/16
Winebrake and Santillo, LLC's Signature and Date

_____  3/30/16
Philadelphia Housing Authority Signature and Date

3

KAJ